IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| AIADVERTISING, INC., | § | |
| *Plaintiff,* | § § § | SA-23-CV-01227-JKP |
| vs. | § § | |
| ITALEAU, INC., | § § | |
| *Defendant.* | § § § | |

# ORDER

Before the Court in the above-styled cause of action is Plaintiff's Request for Clerk's Entry of Default [#6]. By its motion, Plaintiff asks the Clerk of Court to enter default against Defendant under Rule 55(a) of the Federal Rules of Civil Procedure. Plaintiff asserts that it effectuated service of process on Defendant by serving a copy of the Complaint and Summons personally on Defendant on November 1, 2023, and Defendant has failed to respond in the time required to do so. However, the Return of Service attached to Plaintiff's motion states that the process server left copies with Taylor McGraw, Office Manager. There is nothing before the Court establishing that Ms. McGraw is a person authorized to accept service on behalf of Defendant, which is a corporation.

A corporation in the United States can be served either: (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant. Fed. R. Civ. P.

1

4(h)(1). Rule 4(e)(1) allows for service to be effected by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Under Texas law, a corporation may be served through the corporation's registered agent, president, or vice president. *Henderson v. Republic of Tex.*, 672 Fed. App'x 383, 386 (5th Cir. 2016) (citing Tex. Bus. Orgs. Code §§ 5.201, 5.255(1)). If a corporation fails to maintain a registered agent in Texas or the registered agent cannot be served through reasonable diligence, a plaintiff may serve the Texas Secretary of State instead. *See* Tex. Bus. Orgs. Code § 5.251.

Because Plaintiff has not established that service of process was properly effectuated on Defendant, the Court will deny the motion for entry of default. Plaintiff must effectuate service of process by the deadline established under Rule 4(m), which is January 2, 2024. If Plaintiff needs additional time to perform service, it should file a motion to extend the time for service explaining the reasons service could not be properly effectuated within 90 days of the filing of the Complaint in this case.

**IT IS THEREFORE ORDERED** that Plaintiff's Request for Clerk's Entry of Default [#6] is **DENIED**.

SIGNED this 20th day of December, 2023.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE