IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

AIADVERTISING, INC., §
§
                    *Plaintiff,*          §                    SA-23-CV-01227-JKP
§
vs.                                       §
§
ITALEAU, INC.,                            §
§
                    *Defendant.*          §

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Jason K. Pulliam:**

This Report and Recommendation concerns the above-styled cause of action.  All pretrial

matters in this case have been referred to the undersigned for disposition pursuant to Western

District of Texas Local Rule CV-72 and Appendix C.  The undersigned has authority to enter

this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  For the reasons set forth below, it is

recommended that this action be dismissed for want of prosecution.

## I.  Background and Analysis

The record reflects that this case was filed on October 3, 2023.  Under Rule 4(m) of the

Federal Rules of Civil Procedure, if service of summons and complaint is not made upon a

defendant within 90 days after a complaint is filed, after giving notice to plaintiff, the court must

dismiss the action without prejudice or direct that service be completed within a specified time.

Fed. R. Civ. P. 4(m).  If the plaintiff shows good cause for the failure to timely serve the

defendant, the court shall extend the time for service for an appropriate period.  *Id.*

Based on a filing date of October 3, 2023, Plaintiff had until January 2, 2024, to serve its

Complaint and Summons on Defendants.  Plaintiff requested issuance of Summons on October

3, 2023, and the Clerk issued Summons.  Plaintiff thereafter filed a motion for Clerk's entry of default, asserting that it had effectuated service on Defendant, and Defendant had failed to respond.  The Court denied the motion on December 20, 2023 [#7], on the basis that the return of service attached to Plaintiff's motion did not establish that service had been properly performed. The Order informed Plaintiff that if it needed more time to serve Defendant, it should file a motion requesting an extension and providing good cause for the request.

Plaintiff did not file a motion requesting an extension of time for service or file any other document with the Court attempting to show that the service already performed was legally valid.  Nor has Plaintiff filed any proof of service with the Court if service was completed since the Court issued its Order denying the motion for Clerk's entry of default.  Accordingly, the Court issued Plaintiff to show cause on or before January 24, 2024, why this case should not be dismissed for want of prosecution pursuant to Rule 4(m) and Rule 41(b).  To date, Plaintiff has not responded to the Court's Show Cause Order or taken any other action in this case.

A district court may dismiss an action for failure to prosecute or to comply with any order of the court.  *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988) (per curiam); Fed. R. Civ. P. 41(b).  The undersigned will therefore recommend dismissal of this case for want of prosecution and failure to follow a court order.

## II.  Conclusion and Recommendation

Having considered the record in this case and governing law, the undersigned recommends that this case be **DISMISSED FOR WANT OF PROSECUTION**.

## III.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as

a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The party shall file the objections with the Clerk of Court and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

SIGNED this 5th day of February, 2024.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE